**Zafar ULLAH, Mohammad Titu Hassan, aka Titu Mohammed, aka Titu Hassan–Mohammad, Petitioners,**

**v.**

---

Eric H. HOLDER, Jr.,[1] United States Attorney General, Respondent.

No. 08–2705–ag.

United States Court of Appeals, Second Circuit.

Aug. 21, 2009.

ness to answer questions." BLACK LAW'S DICTIONARY 463 (8th Ed.2004).

**1.** Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H.

David J. Rodkin, New York, NY, for Petitioners.

Gregory G. Katsas, Assistant Attorney General, Civil Division, David V. Bernal, Assistant Director, Anthony C. Payne, Senior Litigation Counsel, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C., for Respondent.

PRESENT: JON O. NEWMAN, REENA RAGGI, PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Zafar Ullah and Mohammad Titu Hassan, natives and citizens of Bangladesh, seek review of a May 8, 2008 order of the BIA denying their motion to reopen their removal proceedings. *In re Zafar Ullah and Mohammad Titu Hassan*, Nos. A97 746 280, A97 746 290 (B.I.A. May 8, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien

Holder Jr., is automatically substituted for former Attorney General Michael B. Mukasey as the respondent in this case.

establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Here, the BIA did not abuse its discretion in denying Ullah and Titu Hassan's motion to reopen, which was indisputably untimely. *See* 8 C.F.R. § 1003.2(c)(2). Ullah and Titu Hassan argue, however, that they met an exception to the time limit by establishing changed country conditions, to wit, that since the prior proceedings, authorities have filed new charges against them, and members of their political party have been arrested.

The BIA did not abuse its discretion in finding that Ullah and Titu Hassan failed to establish *prima facie* eligibility for the relief they sought based on their political opinion where the agency had previously found that same claim not credible. *See Paul v. Gonzales,* 444 F.3d 148, 154 (2d Cir.2006). In their motion, Ullah and Titu Hassan asserted that the evidence they submitted corroborated their claim that they are being persecuted for their political affiliation. However, the IJ had previously found Ullah's testimony not credible regarding his arrests, detentions, and beatings on account of his affiliation with the Awami League. The BIA affirmed that credibility finding, and we denied the resulting petition for review. *See* U.S.C.A. Dkt. 06–5664–ag at 7/26/07 Entry. As we have stated, the BIA may deny a motion to reopen which fails to overcome a prior adverse credibility determination. *See Kaur v. BIA,* 413 F.3d 232, 234 (2d Cir. 2005) (per curiam). Thus, we find no abuse of discretion in the BIA's denial of Ullah and Titu Hassan's motion to reopen to the extent that it was based on their political opinion.

Ullah and Titu Hassan also argue that the BIA erred in discrediting the evidence

they submitted with their motion. However, we find no error in that decision. We have found that the BIA may reasonably decline to accord probative weight to unauthenticated documents submitted with a motion to reopen where the IJ made an adverse credibility determination after the movant's asylum hearing. *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).